IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

GILBERT RAMIRO GONZALEZ,

                              Petitioner,

   v.

UNITED STATES OF AMERICA,

                              Respondent.

OPINION and ORDER

19-cv-68-wmc[1]

Petitioner Gilbert Ramiro Gonzalez seeks relief under 28 U.S.C. § 2241 following his guilty plea to one count of conspiracy to possess with intent to distribute 500 grams or more of cocaine and one count of being a felon in possession of a firearm, which was entered in *United States v. Gonzalez*, 1:10-cr-00148-RJJ-1 (W.D. Mich. 2010).

I must review the petition under Rule 4 of the Rules Governing Section 2254 Cases, which applies to § 2241 cases. *Keller v. Watson*, 740 F. App'x 97, 97 (7th Cir. 2018). Rule 4 authorizes me to dismiss a habeas petition summarily if "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *See also Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993).

I must treat Gonzalez's purported § 2241 petition as a motion to vacate under 28 U.S.C. § 2255. Because Gonzalez must file his § 2255 motion in the district court that convicted him, I lack jurisdiction to decide the motion. So I will dismiss this case for lack of jurisdiction.

---

[1] I am exercising jurisdiction over this case solely for screening purposes.

BACKGROUND

A grand jury indicted Gonzalez for several narcotics offenses and being a felon in possession of a firearm. Indictment, 1:10-cr-00148-RJJ-1, Dkt. 1. Gonzalez's plea agreement stated that he was subject to a sentencing enhancement for having a prior felony drug conviction and that he acknowledged receiving the government's information under 21 U.S.C. § 851. Plea Agreement ¶ 3(A), 1:10-cr-00148-RJJ-1, Dkt. 53; *see also* Supplemental Information, 1:10-cr-00148-RJJ-1, Dkt. 51. The plea agreement also provided that Gonzalez waived, except in limited circumstances, his right to direct appeal and collateral attack. Plea Agreement ¶ 10, 1:10-cr-00148-RJJ-1, Dkt. 51. The court of appeals dismissed Gonzalez's direct appeal based on this waiver. Order, 1:10-cr-00148-RJJ-1, Dkt. 77.

Gonzalez filed a § 2255 motion to vacate. *Gonzalez v. United States*, 1:12-cv-00906-RHB (W.D. Mich. 2012). The district court denied the motion based on the collateral attack waiver. Opinion, 1:12-cv-00906-RHB, Dkt. 3. Gonzalez filed another § 2255 motion to vacate. *Gonzalez v. United States*, 1:22-cv-00742-RJJ (W.D. Mich. 2022). The district court determined that the motion was an unauthorized second or successive motion to vacate and transferred the case to the Sixth Circuit Court of Appeals. Order, 1:22-cv-00742-RJJ, Dkt. 6.

Meanwhile, Gonzalez filed his purported § 2241 petition in this case. Dkt. 1. Gonzalez then filed a motion to amend and an amended petition. Dkt. 6 and Dkt. 7. Gonzalez also filed a motion to submit newly discovered evidence. Dkt. 12.

Gonzalez raises several claims in his amended petition. In ground one, Gonzalez contends that he was not lawfully brought before the district court that convicted him, leaving it without jurisdiction. Dkt. 7 at 5. In ground two, Gonzalez contends that he was denied counsel during critical stages of his prosecution. *Id.* at 6. In ground three, Gonzalez contends

2

that counsel provided ineffective assistance. *Id.* at 7. In ground four, Gonzalez contends that

the government filed and served its § 851 information after Gonzalez pleaded guilty. *Id.* at 8.[2]

In ground five, Gonzalez contends that the government searched his residence without a

warrant. *Id.* at 9. Also in ground five, Gonzalez also contends that he did not receive a

preliminary examination and/or probable cause determination and that counsel ineffectively

waived his right to a speedy trial and failed to obtain discovery. *Id.* at 10–11.


DISCUSSION

Usually, a federal prisoner who wishes to collaterally attack his conviction or sentence

must do so under § 2255 in the district that convicted him. *Mangine v. Withers*, 39 F.4th 443,

447 (7th Cir. 2022); *see also* 28 U.S.C. § 2255(a) ("A prisoner . . . claiming [his federal] sentence

was imposed [unlawfully], may move the court which imposed the sentence to vacate . . . the

sentence."). When determining the character of a pro se filing, courts must look to the

substance of the filing rather than its label. *United States v. Antonelli*, 371 F.3d 360, 361 (7th

Cir. 2004).

If a motion under § 2255 "is inadequate or ineffective to test the legality his detention,"

a district court may, in appropriate cases, grant the petitioner relief under § 2241. *See* 28 U.S.C.

§ 2255(e); *Mangine*, 39 F.4th at 447. The Seventh Circuit has adopted a three-part test to

determine whether § 2255(e)'s "savings clause" applies: (1) the claim must rely on a statutory

interpretation case; (2) the petitioner must not have been able to invoke that statutory

interpretation case in a § 2255 motion and that case must apply retroactively; and (3) the error

_____

[2] Although I do not decide this claim, Gonzalez acknowledged receipt of the § 851 information
in his plea agreement.

must be "grave enough to be deemed a miscarriage of justice." *See Mangine*, 39 F.4th at 447. The mere fact that a petition would be barred as a successive petition under § 2255 is not enough to bring the petition under § 2255's savings clause. *Garza v. Lappin*, 253 F.3d 918, 921 (7th Cir. 2001).

Here, Gonzalez attacks the legality of his conviction and sentence. Gonzalez does not rely on a statutory interpretation case that he could not have invoked in his first § 2255 motion. Thus, I must construe his purported § 2241 petition as a § 2255 motion to vacate. I cannot decide the § 2255 motion because Gonzalez had to file it in the Western District of Michigan, where he was convicted.

I may transfer this action to the Western District of Michigan to cure the lack of jurisdiction if the transfer "is in the interest of justice." *See* 28 U.S.C. § 1631. I decline to do so because the motion is an unauthorized second or successive motion to vacate. See *Adams v. United States*, 911 F.3d 397, 403 (7th Cir. 2018) ("The Antiterrorism and Effective Death Penalty Act requires a prisoner to receive the prior approval of the Court of Appeals before filing a second or successive motion under § 2255."). Instead, I will dismiss the case.

## REQUEST TO APPOINT COUNSEL

Gonzalez appears to request the appointment of counsel. *See* Dkt. 1 at 9–10. I may appoint counsel for a § 2255 movant if "the interests of justice so require" and the movant is "financially eligible." 18 U.S.C. § 3006A(a)(2)(B). In evaluating what the interests of justice require, courts generally consider whether the movant can obtain justice without an attorney in light of his ability and the difficulty of the case and whether he would have had a reasonable

chance of winning with a lawyer at his side. *See e.g., Howard v. Gramley*, 225 F.3d 784, 794 (7th Cir. 2000).

Here, Gonzalez cannot meet this standard. I do not have jurisdiction to decide the motion. Appointing counsel would not change that. I will deny Gonzalez's request for counsel.

## CERTIFICATE OF APPEALABILITY

Because Gonzalez seeks relief under § 2255, he may appeal this order only if he obtains a certificate of appealability. I may issue a certificate of appealability only if Gonzalez makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because I am dismissing Gonzalez's motion on procedural grounds, to obtain a certificate of appealability, he must demonstrate that "jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether [I] was correct in [my] procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Because Gonzalez cannot so show, I will deny a certificate of appealability. Gonzalez may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

## ORDER

IT IS ORDERED that:

1. This case is DISMISSED for lack of jurisdiction.

2. All pending motions are DENIED as moot.

3.  The clerk is directed to enter judgment accordingly and to send petitioner a copy of this order.

Entered November 22, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge